Bissell, J.,
delivered the opinion of the court.
Henry J. Cloud was a passenger on the surface lines of the Tramway Company in February, 1892. He was ejected from the car. His loss was not great and he was personally uninjured in the controversy, but nevertheless he has the right to maintain the suit if his rights have been infringed by the wrongful conduct of the company’s servants.
Cloud originally took passage on what is known as the Agate avenue electric line, which connects at the loop with a line belonging to the same company, which runs on 15th street and Colfax avenue. At this time it was a cable line and the passengers from one to the other were given a continuous ride or passage on the payment of one fare and the procurement of a transfer check. Cloud reached the loop at about nine in the morning. He had paid his fare on the Agate avenue branch and received from the conductor a transfer check purporting to give him the right to continue his journey on the cable line to its end. The check was in the ordinary form used by the Tramway Company, was punched for the month of February and as of its first day and of the hour of nine, whereby Cloud secured the right to continue his journey between the hours of nine and ten from the loop onwards. When he entered the cable car, he presented his transfer check, but the conductor ref used to receive it. The reason is not very clear. The conductor was not produced, and the company offered no evidence by way of explanation or against plaintiff’s case.- According to the *447 plaintiff’s story, the conductor said the transfer was regular so far as concerned its date and its hour and the time of presentation, hut he insisted there had been a change in the form of the transfers issued by the company on that day, and whether the Agate line conductor had or had not made a mistake, the transfer check gave Cloud no right to pursue his journey without the payment of a fare, which the conductor demanded. Cloud refused to pay it, insisted he had received the transfer from the conductor, and if there was any mistake it was the company’s mistake and not his, and he would neither submit to the inconvenience of recovering his fare from the company, nor would he offer any other thing in exchange for his ride than the transfer. Whereupon the conductor said he must either pay or get off. Cloud refused to do either. The conductor called the grip-man and the conductor of a passing car to his assistance, and ejected the passenger. There was no contest, conflict, or scuffle about it. Cloud simply refused to go, and the only resistance which he offered was the resistance of his inert weight. The employees of the company used no more force or exertion than was necessary to accomplish their object. Whereupon- he brought this action.
The case calls for neither comment nor sympathy. The suit is simply one which has been brought by a passenger to recover for a wrongful act and to compel the transportation company to observe and protect a passenger’s rights from any infringement or abuse on the part of the employees. Many questions were raised on the motion to set aside the verdict, which are preserved in the assignment of errors, but in the argument of counsel for the appellant none are presented save those which relate to the character of the action and to the instruction of the court on the subject of exemplary damages. This narrows the inquiry and permits us to dispose of the appeal with a brief consideration of these two matters. The first proposition is based on the character of the complaint and what is alleged to be the form of the suit. The pleader has stated the purchase of a ticket and the pay *448 ment of his fare and then detailed the circumstances of his' ride and ejection, concluding with a prajrnr for damages.Appellant’s counsel insist that this of necessity makes the case an action for breach of contract, which will only entitle the plaintiff to recover whatever pecuniary loss he may be able to prove. The theory is coincident with the common law rule which permitted the injured party in a case of this description to declare in either case or assumpsit. The only1 way to determine the character of the action was to consider and analyze the declaration. If the declaration alleged a-promise, a consideration and a breach, the action would be taken to be in assumpsit, and the plaintiff held to have waived the tort. Smith v. Seward, 3 Pa. St. 342; Porter et al. v. Hildebrand, 14 Pa. St. 129; Jacksonville Street Ry. Co. v. Chappell, 21 Fla. 175.
We do not agree with counsel as to the proper interpretation of the pleading, even though we were bound to follow the common law rule. JSTo promise was alleged. The only-thing deducible in the nature of a promise is an implied one which the law raises against a railroad company when the passenger alleges a proper entry into the car and the payment of his fare. This, however, is not the allegation of a specific promise which under the authorities must concur with the payment of a consideration to make such an action one in assumpsit. We are not willing, however, to concede the existence of the rule. Under our system of pleading we have but one form of action, and when the pleader has stated the facts out of which his cause of action arises and supports that cause by proper proof, he may recover for the tort, even though he has stated facts which at the common law would of necessity make his action one in assumpsit and not in case. In other words, we are not willing to admit the existence of those technical distinctions which at the common law determined what action was brought and what relief the plaintiff might have. Undoubtedly the pleader might so frame his complaint as to disentitle himself to any other judgment than one for the breach of a contract with such damages as the *449 breach proved might warrant. Even though in this case the plaintiff had alleged the payment of his fare and a promise by the company to carry him, yet when he proceeded to state the tort and claim the damages therefor, he cannot, because he has alleged both a promise and a consideration, be limited to a recovery as for a breach of contract. No further discussion of the subject is necessar}'-, nor are we called upon to imagine and state a case to which the common law rule might be properly applied. It is enough to say the present pleading is not brought by its terms nor by any reasonable construction within its limits.
The other question respects the damages which the plaintiff may recover. It is impossible to determine from the record or from the verdict how far the jury were controlled or influenced by the court’s instructions on the subject of exemplary or punitive damages. They were quite elaborately instructed about it and rendered what may be regarded as a substantial verdict. The plaintiff made a case which entitled him to recover damages, and the amount of them of necessity rested somewhat largely with the jury. But he made no case which entitled him to exemplary damages. We are not compelled to enter the debatable territory filled with learned discussions as to the classes of causes and the sort of wrongs which may be redressed by the infliction of certain penalties. For many years in this state exemplary damages could not be recovered in any form of a civil action. The law remained in this condition until it was changed by an act of the legislature in 1889. Since that time punitive damages are recoverable in civil actions whenever the plaintiff by proper pleading and proof brings himself within the purview of the statute. There is probably no trouble respecting the plaintiff’s complaint. Whether it would have been open to a general demurrer, or whether, on objections to the introduction of proof tending to bring the case within the statute, an amendment would have been necessary we need not consider. It has been adjudged in this state that a party must bring himself within the statute by both pleading and proof to entitle himself to *450 either offer the testimony, or to obtain a judgment which shall include damages of this description. Conceding the sufficiency of the complaint, the plaintiff did not make the necessary proof. The statute has been construed by the supreme court, and it is very clear the evidence must dis- • close some wrong motive in the doing of the thing complained of, or else the circumstances of the act must show a reckless disregard of the injured person’s rights. Malice cannot be implied. There was nothing whatever in the circumstances ■ of the ejection of Cloud which permits the inference of a bad motive on the part of the conductor. He made a-mistake, he committed a wrong, and the company should be compelled to respond. The duty of the company with reference to the care of its passengers and the conduct which must be observed by their employees with reference to those who are being transported is very clear. It is likewise true that every transporation company, whether what is known as the surface companies in cities or the general transporation lines of the country, have the right to adopt reasonable regulations for the management of their business, which must be observed by the passenger, and which may be enforced by the employees. The company runs this risk and they may be called upon to answer if their servants fail in the method of the discharge of their duties or mistake the occasion for the enforcement of the regulations. Notwithstanding these considerations, we are not at liberty to infer bad motives because the employee has made a mistake. There must be some proof tending to show the existence of those motives, if the right to recover such damages rests upon its existence. If, on the other hand, the right is based on a disregard of the passenger’s rights exhibited by the employee, it-is equally necessary to prove facts establishing this disregard, and its reckless character. There is nothing in the present case to show either. The employee mistook his right and enforced a regulation which so far as the record goes he had no business to carry out. He enforced the regulation without the exhibition of any more force than was necessary to accomplish *451 the result and with a decent regard for all of the plaintiff’s rights, except his right to ride on the car on this transfer. If the ease demonstrated the right of the conductor to eject the passenger, there was nothing whatever in the act which would give rise to a cause of action. This must spring, if at all, from the fact that the conductor had no right to expel him, and while the expulsion will sustain the suit, it will not uphold the recovery of exemplary damages. French v. Deane, 19 Colo. 504; Republican Pub. Co. v. Conroy, 5 Colo. App. 262.
It would not be useful to state either exactly or in substance the court’s instructions. The court told the jury the plaintiff could recover exemplary damages for the wrong, and in no way stated what facts must be established to permit the recovery. On the case as made the plaintiff was entitled to no instruction on this subject. If the subsequent trial alters the proof, any instruction about it should be limited and qualified by a careful statement of the facts which the jury must find in order- to entitle them to include such damages in their general verdict.
For the error committed by the trial court, the case must be reversed and remanded.

Reversed.