(43 South. 657.)

No. 16,372.

WOOD v. MONTELEONE.

(April 1, 1907. Rehearing Denied April 29, 1907.)

1. LANDLORD AND TENANT — TRESPASS BY LANDLORD—ACTION FOR TORT—EVIDENCE.

Plaintiff who is the lessee of the upper stories of a building sues the defendant, her lessor, for damages for having illegally sent workmen into her premises, who tore up the lower flooring and diminished the height of her rooms, depriving her of the full and peaceable possession of the leased premises and filling the lower rooms with dirt and rubbish. The defense is that plaintiff consented to what was done; that the alterations were beneficial to her; that the action is one ex contractu, and damages, if due, are fixed by the rules governing violation of conventional obligations.

Held, the action is not one "ex contractu," but "ex delicto." Defendant went entirely dehors the contract relations between the parties, and he was responsible for his actions as for a tort just as any other person would have been for the same acts. His ownership gave him no vantage ground, but, on the contrary, his legal obligations as lessor made it more imperative on him than on a stranger to respect her rights. Quoad consent to the making of the alterations defendant carried the burden of proof, and he failed to sustain the burden.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 460–463.]

2. SAME.

It was for the plaintiff, and not the defendant, to determine whether the alterations were advantageous or desirable, even benefits cannot be forced upon a person against his will.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 460–463.]

3. DAMAGES—TORTS.

Damages for a tort may be assessed without calculating altogether the pecuniary loss of the party. Dudley v. Tilton, 14 La. Ann. 283; Caspar v. Prosdame. 14 South. 317. 46 La. Ann. 39; Fuselier v. Telephone Co., 24 South. 274, 50 La. Ann. 806; Lobe v. Cary, 33 La. Ann. 914; Williams v. McManus, 38 La. Ann. 161, 58 Am. Rep. 171; Louque's Digest, p. 376, verbo "Libel."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 502.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by M. B. Wood against A. Monteleone. Judgment for plaintiff. Defendant appeals. Affirmed.

Edwin Howard McCaleb, Jr., for appellant. Frank Edward Rainold, for appellee.

Statement of the Case.

NICHOLLS, J. Plaintiff averred that in July, 1904, she leased from the defendant the upper floors and appurtenances of the building known as "631 Bienville street" for the term of 36 months, commencing on the 1st day of October, 1904, and went into possession thereof; that she always, paid her rent punctually, and observed and fulfilled all the obligations imposed upon her as lessee of said premises; that on or about November 22, 1905, said Monteleone sent workmen to the premises leased petitioner, who invaded her said premises without even asking permission, and began to disconnect the water supply to the kitchen and bathroom. Petitioner further protested against the trespass upon the property leased to her by Monteleone, and ordered them to. desist, but they claimed they were authorized by the owner of the building, viz., Anthony Monteleone, and after leaving the premises for the purpose of getting additional instructions from Monteleone returned and proceeded and did cut off the water supply of the premises. That said workmen came into her kitchen, and, under the pretense of merely taking up a board or two for the purpose of altering the flue in the chimney connecting with the downstairs fireplace, they tore up the entire flooring of the kitchen and proceeded to alter her premises in an unlawful and illegal manner. Petition-

er further shows that said workmen sent by Monteleone raised the floor of the kitchen and bathroom 1½ feet, and added the space taken away from the kitchen to the premises downstairs and deprived petitioner of so much of the premises leased to her without warrant of law. Petitioner further shows: That the purpose of the said Monteleone in making said alterations were to him to enable him to construct and enlarge additional premises for the barber shop downstairs, and to enable the said Monteleone to obtain additional rental. That said workmen likewise raised the floor of the bathroom a foot and a half or thereabouts, disconnected the bathtub and rendered it perfectly useless.

That for three weeks she has been deprived of the use of her kitchen, bathroom, and three bedrooms, and that the dirt and rubbish and bricks that have been piled in said kitchen and in and about the premises have rendered the premises leased by her almost uninhabitable. That in the tearing out the kitchen floor the brick wall was injured, and as a consequence the said wall disintegrated to such an extent as to become a danger and menace to petitioner. That she has been deprived for a period of more than three weeks of all conveniences whatsoever, and that she has been annoyed and bothered in the conduct of her business, which is that of keeping furnished rooms. That she has been compelled to turn away tenants and suffer a loss of revenue. That in consequence of the said unauthorized alterations of the premises and trespass upon them by the Monteleone, and on account of the bricks and rubbish with which the house and premises were encumbered, she had no way of emptying water, and was compelled to throw the same in the yard below. The said Monteleone thereupon came to her house and roughly ordered her to desist from so doing, addressing her in an insolent and insulting manner.

Petitioner further shows that she is and was entitled to the full possession and enjoyment of the premises leased by her and every part thereof, and that said Monteleone had no right to take away from her and deprive her of the space of 1½ feet in height by 15 feet by 15 feet for the purpose of enlarging the downstairs premises for his own profit or for any purpose, and that petitioner is entitled to the restoration of the said premises to the dimensions possessed before the unlawful trespass of Monteleone and the unlawful alteration of the premises.

Petitioner shows that Monteleone is indebted unto her in the full sum of $5,000 damages, which she itemized. She prays for judgment against defendant for the sum of $5,000, and that he be condemned to restore the premises leased to the same dimensions they were at the time of the making of the lease.

Defendant, after filing several exceptions, answered under reservation of the same. After pleading the general issue he admitted that:

"He entered into a contract of lease with plaintiff, whereby he leased to said plaintiff the upper floor and appurtenances of No. 631 Bienville street, between Royal and Exchange alley, for the term of 36 months, commencing on the 1st day of October, 1904, and ending on the 30th day of September, 1907, at a monthly rental of $40 a month, payable monthly as will more fully appear by said lease itself here referred to as part hereof, marked 'Exhibit A.'

"Respondent specially denies that said plaintiff has observed and fulfilled the obligation imposed upon her as lessee of the said premises, and avers that some time in the month of November, 1905, with the consent and approval and acquiescence of plaintiff, and in order to make necessary repairs to the building leased to her and to the other tenants, it was respondent's right and duty to enter upon the premises and make said repairs; that in order to make the repairs and improvements required by the tenants who occupied the lower part of the premises, and as well as for the benefit of plaintiff herein, and said plaintiff herein not objecting, but on the contrary consenting thereto, respondent was compelled to make the improvements referred to in plaintiff's petition, though respondent that the floor, kitchen, and bathroom were raised one foot and a half; that said improvements constructed by respondent enured to

the benefit of the plaintiff and gave her more room than she was entitled to under the lease; that respondent repaired and fixed the kitchen so that the same could be properly occupied as a kitchen by the plaintiff, as well as bathroom and bathtub and connection, which before said improvements were absolutely useless to the plaintiff herein, and which to-day is in first-class condition; that the plaintiff was not inconvenienced by these improvements and these necessary repairs, and that she suffered no damage in turning away tenants or any loss of revenue since the improvements or repairs were done to her kitchen and to a heretofore useless bathroom and bathtub, which rooms and appurtenances were before said improvements and repairs useless to said plaintiff. Respondent specially denies that he insulted plaintiff, but merely requested her not to throw water and refuse into the yard which was occupied by other tenants."

In view of the premises, "still insisting upon the exceptions heretofore filed, he prays to be hence dismissed with costs."

The district court rendered judgment in favor of the plaintiff against the defendant for $600, with legal interest from date of judgment. Defendant appealed.

Plaintiff answered the appeal, praying that the judgment be increased to the amount prayed for.

### Opinion.

It is admitted that the defendant is and was at the time of the acts complained of by the plaintiff the owner of the premises corner of Royal and Bienville streets, and that at that time the relation of the parties was that of lessor and lessee quoad the second story of the building and the part above that story. It is stated in the brief filed on behalf of the defendant that:

"The rear portion of the lower or first floor of the building was rented by defendant to one Gorisco, to be occupied as a barber shop. For the purpose of making necessary repairs and improvements to this barber shop, and in the course of these repairs, defendant, through the contractor, caused the raising of the ceiling of the barber shop, thereby increasing its height about 12 inches, and in consequence correspondingly reducing the height of the kitchen, bathroom, and back gallery, forming the rear portion of the second floor leased to plaintiff."

Counsel urge that the plaintiff consented in advance of these alterations to his making them, but plaintiff's testimony on that point directly contradicts that of the defendant. The trial court adopted the testimony of the plaintiff on that subject, and we think he was correct in his conclusions. The alterations actually made were determined upon after the work of alteration had begun, and were greater and materially different from those originally planned. They were of a character to require plaintiff's consent thereto, and, as to the giving of that consent, defendant carried the burden of proof. It is not probable that plaintiff would have consented to alterations which so greatly inconvenienced and interfered with her comfort and occupations as those alterations required without some agreement or modification of the terms of the lease in consequence of the same. The execution of the alterations required the actual entry of the workmen engaged in making them into plaintiff's premises as we have said, not only to her great inconvenience and discomfort, but to her pecuniary loss. The entry was an invasion of her rights of lawful and peaceable possession. The defendant so far from causing his lessee to be maintained in the peaceable possession of the thing leased, as it was his legal duty to do under article 2692, Civ. Code, actively violated the rights which the plaintiff had acquired touching the possession of the property, not only as against the invasion thereof by the general public, but as against the defendant himself. Having no legal right to enter the premises for the purposes he did, he stood relatively to that fact and act as any other member of the public would have stood doing the same act. His ownership of the building gave him no vantage ground in that respect. On the contrary, his legal obligations as lessor made it more imperative upon him to respect her rights than would have been expected or exacted from a stranger. The entry as made upon the premises was not made in the interest of the plaintiff or in the performance

of any duty imposed upon him as lessor or in the exercise of any right reserved to himself either by law or by contract for the benefit of the party leasing the premises below, but for his own advantage and purposes. The condition of the barber shop below called for no such alterations. Defendant steadily refused to answer the questions propounded to him on that subject, answering the same by saying that they were made "for the improvement of his property," and that in point of fact the plaintiff was "benefited by them." Article 491 declares that perfect ownership of property gives the right to the owner to enjoy and dispose of it in the most unlimited manner, but this broad statement is modified in the very next article (article 492, Civ. Code), adding when "this can be done without injuring the rights of others; that is, of those having other rights to exercise upon the same property." Defendant is not the proper party to decide whether the alterations made by himself were beneficial to the plaintiff or were deemed by her desirable. It is for the plaintiff herself to deal with that question. Even advantageous changes cannot be forced upon her without her consent. Sharpe v. Levert, 51 La. Ann. 1249, 26 South. 100; Succession of Kernan, 105 La. 604, 30 South. 239; Voiers v. Atkins, 113 La. 332, 36 South. 974.

Defendant insists that this action is one "ex contractu," not "ex delicto," and that the rights and obligations of the parties and especially the matter of the quantum of damages resulting from a breach of contract are to be gauged by the rules of the Civil Code governing the violation of conventional obligations, but this contention is not well grounded. It does not follow because a party is guilty of violating a contract that his responsibility therefor is restricted to damages arising ex contractu. Fetter, in his work on Carriers of Passengers, vol. 2, p. 1028 et seq., says:

"In many cases where the obligor in a contract violates it, the obligee has two remedies—an action for breach of the contract and an action for the wrong. If the complaint be for an act of omission or nonfeasance which without proof of a contract to do what has been left 'undone' would not give rise to any cause of action because no duty apart from duty to do what is complained of exists, then the action is founded upon contract; if not, upon tort. If, on the other hand, the relation of the plaintiff and the defendant be such that a duty arises from that relationship outside of contract, * * * then the action is one of tort."

The author quotes Denver Tramway Co. v. Cloud, 6 Colo. App. 445, 40 Pac. 779, as saying:

"Under our Code system we have but one form of action; and, when the pleader has stated the facts out of which his cause of action arises and supports that cause by proper proof, he may recover for a tort, even though he has stated facts which at common law would of necessity make his action one in assumpsit, and not in tort. In other words, we are not willing to admit the existence of those technical decisions which at the common law determined what action was brought and what relief the plaintiff might have. Undoubtedly the pleader might so frame his complaint as to disentitle himself to any other judgment than one for a breach of contract with such damages as the breach proved might warrant. Even though in this case the plaintiff has alleged the payment of his fare and a promise by the company to carry him, yet, when he proceeded to state the tort and claim the damages therefor, he cannot, because he has alleged both a promise and a consideration, be limited to a recovery as for breach of contract."

This court has repeatedly recognized the right of one person injured by the act of another to recover as against the latter damages ex delicto, though the parties may have been brought into relations with each other through a contract and the damages claimed may have arisen by reason of the existence of the contract. Schoppel v. Daly, 112 La. 210, 36 South. 322; Patton v. Pickles, 50 La. Ann. 857, 24 South. 290.

In the case at bar defendant went entirely dehors the contract, and any rights on his part which sprang from it to do an act illegal in character and invading defendant's rights which neither he nor any one else was warranted or justified in doing and for which

he as well as any one should be held responsible in damages as for a tort.

The evidence in this case does not fix with certainty the damages which plaintiff is entitled to, but in suits upon tort the quantum of damages is left largely to the sound judgment and conscience of juries and trial judges. We have held that for wrongful acts violative of rights parties are entitled to damages without direct and positive proof as to the extent of the damages suffered. We see no reason for reversing the judgment of the district court on that subject, nor do we think the occasion calls for an increase of damages beyond that fixed by the trial judge.

We think the judgment has done justice in the premises, and for the reasons herein assigned it is hereby affirmed.