PELLETIER v. SUTTER ET AL.

(April 1, 1929. Opinion and Decree.)

L. Walter Cockfield, of New Orleans, attorney for plaintiff, appellee.

E. S. Lazarus, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Defendant, Malcolm H. Sutter, leased from plaintiff an upper apartment. The lease was to terminate on September 30th, 1926, but on November 2nd, 1925, Sutter decided to move to Florida, and vacated the premises.

Plaintiff was in Europe at the time, and his father, noticing that the furniture was being moved out of the apartment, notified plaintiff's attorney, who immediately called upon defendant either to desist from removing the furniture or to furnish security for the payment of the rent to become due for the remaining months of the lease. After some discussion, defendant, Malcolm Sutter, produced as surety, his father, Samuel Sutter, the other defendant, and, this being satisfactory to plaintiff's attorney, the furniture remaining, was removed.

Finding conditions in Florida not what he anticipated, defendant decided to return to New Orleans, but, before he, himself, came back, his wife did so, reaching here during May, 1926.

Shortly after her return, probably during the early part of June, 1926, Mrs. Sutter, visited the apartment formerly occupied by her husband and herself and was much surprised to find that the electric meter, which her husband says had been ordered disconnected by him, was again connected, and that lights were burning, and that the woodwork and walls of the entire apartment had been painted and done over.

She, thereupon, wrote her husband, advising him of what she had discovered, and thereafter he refused to pay any more rent, contending that the landlord, plaintiff here, had cancelled the lease by entering and taking possession of the premises.

Thereupon, plaintiff brought this suit for the collection of his rent for the five remaining months of the lease. He, of course, sued both his lessee and his lessee's father, who had signed as surety to guarantee the payment of the rent. The notes state, on their face, that they are for the sum of Ninety dollars ($90.00) each, but each bears a credit endorsement of Fifteen dollars ($15.00), so that in truth, each is for the sum of only Seventy-five dollars ($75.00).

Defendants answered the suit by alleging that the lease had been terminated by the unlawful entry to which we have referred, and, that as a result, of such entry, the lessee had the alternative right either to concur in the cancellation, or to insist on retaining the premises and to sue the landlord for damages.

Defendant, lessee, sent back to plaintiff the keys to the apartment and notified him

of his acquiescence in the cancellation.

We are of the opinion that when plaintiff admitted, as he did when placed on the witness stand by defendants, that he had entered the premises, the burden was immediately placed upon him to justify his action.

C. C. 2692 provides that the lessor is obliged, among other things: "To cause the lessee to be in peaceable possession of the thing during the continuance of the lease."

Under C. C. 2698: "The lessor has not the right to make any alteration in the thing, during the continuance of the lease."

Plaintiff sought to justify his entry into the premises by attempting to show that the apartment was severely damaged by a violent rainstorm and that he had entered it and made repairs only because they had been made necessary as a result of this storm. The proof offered with regard to this alleged storm is not at all satisfactory, and such witnesses as testify, fail to fix with any degree of definiteness, the time at which it occurred. In fact, they give themselves a margin of several months in their approximation of the time it happened. Furthermore, their exaggerations of the result of this storm are quite patent and glaring.

Plaintiff admits that in addition to the repairs which he claims were made necessary by the storm he also did over the entire apartment. That he did this with the intention of benefiting Sutter is very doubtful, because, so far as he knew, Sutter had gone to Florida, never to return, and because it is most unusual for a landlord who already has a tenant, without even a request from the tenant, to paint and "do over" the premises.

It is quite certain then that the real

purpose of the landlord, in doing what he did, was that he might have the work all completed, and the place in nice condition before the approaching rental season. This he had no right to do. Even though his then tenant was not actually occupying the apartment, it was his right to occupy it, or to close it up and leave it vacant, and no one on earth had the right to enter and take possession of it, for any purpose, except to make absolutely necessary repairs, and this right did not include the right to refurbish the place, even though refurbishing and doing over made of it a better place than it was before.

In Wood vs. Monteleone, 118 La. 1005, 43 So. 657, the Supreme Court discussed this very question. Mrs. Wood attempted to cancel the lease, because the landlord, Monteleone, had entered the place for the purpose of making repairs and alterations. Monteleone set up in defense the claim that Mrs. Wood would be benefited by the repairs, and that the property would be more desirable after their completion.

The Supreme Court said:

"Defendant is not the proper party to decide whether the alterations made by himself were beneficial to the plaintiff, or were deemed by her desirable. It is for the plaintiff herself to deal with that question. Even advantageous changes cannot be forced upon her without her consent."

We are very loath to enforce the very harsh remedy which the law provides in such a situation as is presented here, because it is manifest that the tenant has suffered no harm whatever, and has not been actually interfered with in the possession of the premises leased. But, there is, in our opinion, no alternative, as there has certainly been a technical legal interference with the occupancy of the premises, and we see nothing to do but enforce the

result to which the tenant is entitled, and which the landlord, in his desire to get his property ready for the next season, has brought upon himself.

The trial judge rendered judgment for plaintiff, as prayed for. Feeling as we do, we must reverse that judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be, and it is annulled, avoided and reversed, and that there now be judgment in favor of defendant and against plaintiff, dismissing the suit and cancelling the lease, and ordering the return to Malcolm H. Sutter of the rent notes herein sued on.

All costs to be paid by plaintiff.