### SUCCESSION OF MARX v. SCHORNSTEIN.*

### No. 16366.

Court of Appeal of Louisiana. Orleans.

June 22, 1936.

Bertrand I. Cahn, of New Orleans, for appellant.

*Rehearing denied Oct. 5, 1936.

A. D. Danziger, of New Orleans, for appellee.

McCALEB, Judge.

The defendant, Richard Schornstein, has appealed from a judgment condemning him to pay to the plaintiff the sum of $110, together with interest and attorney's fees.

The facts of the case are undisputed and the sole question for determination here is the interpretation of a provision contained in a contract of lease between the parties litigant.

On July 12, 1934, the succession of Mrs. Fannye S. Marx leased, under written contract, the premises No. 1699 Robert street in the city of New Orleans to the defendant for a period of twelve months, commencing on October 1, 1934, and ending on September 30, 1935, at a rental of $110 per month.

During the month of May, 1935, the defendant purchased a home. He moved from the leased premises into his new home in the month of July, 1935. All the rent stipulated for under the lease was paid by the defendant, except the rent for the month of September, 1935, the recovery of which is the object of this suit.

In the month of September, 1935, while the leased premises were vacant, the defendant having moved therefrom in July, the plaintiff caused certain repairs, such as painting, screening, etc., to be made therein.

The defendant had previously delivered the keys of the premises to the plaintiff and had unsuccessfully attempted to sublease the property. In the month of September, when the plaintiff caused workmen to enter the premises for the purpose of making repairs or alterations, in view of obtaining a new tenant in the property, the defendant protested on the ground that he had the exclusive possession of the premises during the existence of the lease, and that plaintiff was without right or authority to enter the premises for the purpose of making these repairs or alterations. Notwithstanding defendant's protest, plaintiff caused the repairs and alterations to be made, relying upon a provision of the lease which reads:

"Lessor shall at all times have the right to enter the leased premises in order to make repairs, improvements, or alterations, lessee assenting thereto."

Because of the action taken by the plaintiff, the defendant refused to pay the rent for the month of September.

The only defense to the suit is that the plaintiff has violated the obligation imposed upon it by article 2692 of the Revised Civil Code "to cause the lessee to be in a peaceable possession of the thing during the continuance of the lease," and that the plaintiff, by entering the premises for purposes of making repairs or alterations, has breached the contract, which exonerates the defendant from liability for the rent due for September, 1935.

The defense is not meritorious. By virtue of the above-quoted provision of the lease, the defendant granted to plaintiff the right to enter the premises and make the repairs and alterations. Article 2684, R.C.C., provides that "the duration and the conditions of leases are generally regulated by contract, or by mutual consent." The evidence shows that defendant was not occupying the premises at the time plaintiff made the repairs or alterations and, in view of the written contract, it is of no moment whether the repairs were made for the benefit of the defendant, or for the purpose of obtaining a new tenant for the property.

It is suggested by counsel for defendant that it was never the intention of the defendant to waive or forfeit his right of occupancy, or to allow the plaintiff to make any alteration or repair which would interfere with the defendant's peaceful possession of the premises. We recognize that under the provision contained in the lease, there might be, under certain circumstances, a flagrant abuse of the privilege accorded the lessor to enter the premises for the purpose of making alterations or repairs, which would have the effect of depriving the lessee of his right to peaceful occupancy of the premises. But, in the case at bar, the facts clearly show that the defendant was not injured in any way by the presence of the workmen in the premises during the month of September, 1935.

We hold that the clause in the lease is valid and enforceable, but that the provision should be given a reasonable interpretation, so as to avoid a forfeiture of the right to peaceful enjoyment of the premises by the lessee, which would be inapposite to the intention of the parties at the time the contract was made.

The cases of Pelletier v. Sutter, 10 La. App. 662, 121 So. 364, and Wood v. Monteleone, 118 La. 1005, 43 So. 657, cited and relied upon by the defendant, are clearly distinguishable from the case at bar, because in those cases there was no provision in the lease which accorded the lessor the right to enter the premises at any time during the existence of the lease for the purpose of making repairs or alterations to the property.

The judgment of the trial court in favor of the plaintiff is correct.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.