### RAINEY v. PIETRI.
#### No. 16905.

Court of Appeal of Louisiana. Orleans.
April 18, 1938.

Alexander E. Rainold, of New Orleans, for appellant.

Guion & Schulze and Rudolph Schulze, Jr., all of New Orleans, for appellee.

McCALEB, Judge.

This is a suit for the recovery of rent alleged to be due by the defendant under a contract of lease. Plaintiff charges that on June 27, 1937, the defendant abandoned the leased premises, and that he has failed to pay the monthly rental of $35 for the months of July, August, and September, 1937.

The defendant, while admitting the execution of the lease and the nonpayment of rent for the months in question, resists liability for the same on the ground that plaintiff has interfered with his peaceable possession of the property.

A trial was had upon this issue, and resulted in a judgment in plaintiff's favor. Defendant has appealed.

There are certain facts contained in the record which are not in dispute, and which we find to be as follows:

On July 20, 1936, the parties entered into a written contract whereby the property 1919 Joseph street in the city of New Orleans was rented by plaintiff to the defendant for a period of 12 months beginning October 1, 1936, and ending September 30, 1937. On June 27, 1937, the defendant, having purchased a home of his own, vacated the leased premises and turned over the key to the house to one W. E. Douglas, the plaintiff's real estate agent. At that time, he employed Mr. Douglas to procure for him a subtenant for the house. The efforts of the real estate agent failed, and a new tenant was not secured until five days before the lease was to terminate.

During the latter part of July, 1937, Douglas entered into a contract with the plaintiff whereby he agreed to purchase the property from the latter for the sum of $6,015 cash, possession to be given immediately upon the passage of the act of sale, but sub-

ject, however, to the existing lease between plaintiff and defendant. On August 2, 1937, title was transferred by the plaintiff to Douglas in accordance with the contract of sale. Shortly after the passage of the act, Douglas entered the premises and caused extensive alterations and repairs to be made to the property.

The defendant contends that, under article 2692 of the Civil Code, the plaintiff has violated the contract of lease, in that he has failed to maintain him (defendant) in the peaceable possession of the premises, and in that he caused or authorized the alterations to be made to the property in disobedience of article 2698, which enjoins the lessor from so doing during the continuance of the contract.

The mandate of the Code is perfectly plain, and the law has been established, in Wood v. Monteleone, 118 La. 1005, 43 So. 657, and Pelletier v. Sutter, 10 La. App. 662, 121 So. 364, that a lessor, who enters the leasehold to make alterations and repairs, without the consent of his lessee, and disturbs the latter in his right of occupancy, violates his contract, and that the lessee has the right to cancel the same.

From the facts appearing in the case at bar, it is clear that the plaintiff is entitled to recover the rent for the month of July forasmuch as Douglas (the subsequent owner) did not enter the premises until some time in August, but he cannot hold the defendant responsible for the August and September rent unless he has proved that Douglas made the alterations and repairs with the defendant's knowledge and consent. Since the lease before us does not contain a provision similar to that found in the lease discussed in the case of Succession of Marx v. Schornstein, La.App., 169 So. 93 (permitting the lessor to enter the premises at any time for the purpose of making alterations and repairs), we look to the evidence adduced in order to ascertain whether defendant expressly or tacitly assented to the entry.

Mr. Douglas, testifying for the plaintiff, stated that, at the time the defendant moved from the premises, the latter requested him to find a subtenant for the property. Accordingly, advertisements were inserted in the local newspapers in the hope of securing a sublessee. These advertisements did not bring results, although a number of prospects were shown the property. Douglas says that, during the month of July, he advised the defendant that, in his opinion, no one would sublease the dwelling in view of its deteriorated condition, but that he thought he would be able to interest prospective tenants if repairs and alterations were made. He further asserts that the defendant acquiesced in his suggestion that the property be rehabilitated.

On the other hand, the defendant declared that he at no time agreed to permit the work to be done, and his testimony is corroborated by the statement of his wife.

Our conclusion is that the testimony of Douglas prevails over the defendant's evidence, inasmuch as it is supported by the surrounding circumstances of the case. It is obvious to us that defendant's only interest in the leased premises, after he vacated it, was to secure a sublessee in order that he might be relieved of the monthly rent. We cannot believe that he would object to the repair work but, on the contrary, we are convinced that he, at least tacitly, approved of the work that Douglas had in contemplation with a view of making the house more attractive to prospects. After all, the question as to whether defendant consented to the alterations is purely one of fact, and the trial court resolved the point in plaintiff's favor. We fail to see any manifest error in his ruling.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.