## CROSS v. BRELAND.
### No. 17065.

Court of Appeal of Louisiana. Orleans.
Jan. 10, 1939.

George Piazza, of New Orleans, for appellant.

James G. Schillin, of New Orleans, for appellee.

McCALEB, Judge.

This is a suit by a tenant for the recovery of damages sustained as a consequence of an alleged unlawful invasion of the leased premises by her lessor.

In the lower court, there was judgment in favor of the plaintiff for the sum of $50. Defendant has appealed.

The record reveals the following facts:

Plaintiff, for a period of approximately six years prior to March 1938, was a tenant (under a verbal lease at $30 per month)

occupying one side of a two-story double house situated in the City of New Orleans, bearing the municipal numbers 1310–12 Marengo St. During the early part of November 1937, the defendant became interested in acquiring this property as an investment. Accordingly, on November 15, 1937, she agreed in writing to purchase it from the then owner. Soon after the contract was confected, she employed a contractor to convert the dwelling into a four-plex apartment house with a view of obtaining a larger rental revenue from her investment.

At the time the defendant made the agreement to purchase the property, she communicated with the plaintiff and informed her that, due to the fact that she contemplated making extensive alterations and repairs to the house, it would be necessary for plaintiff to vacate the premises while the work was being done. Plaintiff did not wish to move, particularly since she was unable to obtain another house in the same neighborhood which would serve her purpose, and she therefore requested the defendant to delay the repair work until she could find a suitable residence. Moreover, she led the defendant to believe that, if the latter would refrain from having her ejected, she would even be willing to submit to the inconvenience of having the remodeling work carried on in her side of the house while she was living in it. The defendant, however, feeling that the plaintiff might be discommoded to a greater extent than she anticipated, insisted that she vacate the premises on or before February 1, 1938. Plaintiff promised to do so but, not having been able to obtain a suitable dwelling by that time, she again requested the defendant to permit her to occupy the premises during the month of February. The defendant, fearing that the plaintiff's occupancy of the premises would hinder the completion of the alteration work, finally, on February 7, 1938, addressed a letter to the latter advising her that it would be necessary for her to vacate the premises as soon as possible and that, at all events, she must move not later than the end of that month.

On February 9, 1938, the contractors employed by the defendant entered the house, moved certain furniture from the kitchen and bathroom and dismantled the hot water heater which was located in the kitchen. Plaintiff claims that these workmen came upon her premises without her consent and that she has been damaged as a result of the trespass in the sum of $300.

On the other hand, the defendant maintains that the workmen entered the premises with the approval of the plaintiff and that, alternatively, in the event it should be held otherwise, she is not responsible for the damage complained of for the reason that these workmen were not her agents but were independent contractors over whom she had no right of supervision or control.

■ There can be no doubt that, under Art. 2692 of the Civil Code (which requires the lessor to maintain the lessee in the peaceable possession of the premises) and Art. 2698 (which enjoins the lessor from making alterations to the house during the continuance of the lease), if the workmen employed by the defendant, even though they be independent contractors, entered the dwelling without the plaintiff's consent and approval, defendant is liable for all damages sustained as a result of such unwarranted invasion. See Wood v. Monteleone, 118 La. 1005, 43 So. 657, and Pelletier v. Sutter, 10 La.App. 662, 121 So. 364. However, it is also well settled that, if the plaintiff expressly or tacitly consented to permit the workmen to make the alterations during the existence of her lease, then her lessor is not responsible for the damage she suffered as a consequence thereof. See Succession of Marx v. Schornstein, La.App., 169 So. 93, and Rainey v. Pietri, La.App., 180 So. 459.

■ It therefore follows that the issue to be determined in this case is reduced to one of fact, i. e., did or did not the plaintiff consent to have the workmen to make the alterations in the property occupied by her during the existence of her lease?

The plaintiff testified that the contractors started the remodeling work on the vacant side of the house in the early part of February; that, on February 9, 1938, at about 7 a. m., these workmen came into her kitchen and bathroom without her permission and moved certain furniture out of those rooms and that they also removed the hot water heater. She further proclaims that she protested against their invasion of her premises without avail; that at the time the water heater was taken out of her house, the weather was warm and that it was not necessary for her to use it; that a few days later, when the weather became very cold, she complained to the defendant about the removal of the heater and that the latter caused it to be reinstalled.

Contra, the defendant testified that not only did the plaintiff fail to voice any objec

tion to the performance of the remodeling work on her side of the premises but that she told her that she knew that her occupancy of the house had delayed the work; that she also informed her that she had invited the contractors into her dwelling to do whatever work might be necessary, in appreciation of defendant's kindness in permitting her to occupy the premises and that everything done by them therein was with her approval and consent. Defendant further stated that it was her habit to visit the premises each morning while the work was in progress; that, when plaintiff told her that she had invited the workmen into her place, she laughingly remarked that they had taken out her hot water heater; that no complaint, with respect to this, was made by plaintiff until some three or four days later when the weather turned cold and that she immediately had the heater reinstalled.

Paul Sykes, foreman on the job, testifying for defendant, stated that, on February 9th, plaintiff came to him and informed him that she realized that her occupancy of the house was retarding the remodeling work and that it would be all right for him to work in her kitchen and bathroom; that, in accordance with the permission granted, he began working therein and that, in order to perform the job, it was necessary for him to have the hot water heater removed. He says that plaintiff knew of the removal of the heater but that she did not complain about it until two or three days later when the weather became cold; that she was present when her furniture was taken out of the kitchen and that she directed the moving of her belongings to other parts of the house. His testimony is fully corroborated by one George Antoine, one of his assistants.

Charles Morgan, testifying for the defendant, confirms her statement and declares that plaintiff entreated the defendant to allow her to remain in the house until she could find another place; that she finally bought a house and that she asked the defendant to permit her to stay in the premises until March 1st.

It is our opinion that the testimony of the defendant and her witnesses, when viewed in the light of the surrounding circumstances of the case, clearly outweighs the uncorroborated statement of the plaintiff and that the workmen entered the premises with plaintiff's knowledge, approval and consent. If plaintiff had objected to the men performing work on her side of the house (as she says she did) it is indeed strange that she did not immediately communicate her protest to the defendant. We feel that the truth of the case is, as stated by the defendant, that plaintiff was willing to forego the peaceable possession of the premises in order that she might have additional time to obtain another house and that, not realizing the extent to which she would be inconvenienced by the remodeling job, she consented to have the work performed in her quarters. In fact, it was only when the weather turned cold that she, for the first time, complained to the defendant because she was in need of the use of the hot water heater. Of course, plaintiff had the right at all times to refuse admission to the workmen but, having given her approval, she cannot now be heard to say that she was damaged as a result of the work performed.

It has been suggested by counsel for plaintiff that, even though we should find that plaintiff consented to have the workmen come upon her premises, she could not anticipate that the contractor would remove her hot water heater and that accordingly defendant is at least responsible for the damages she sustained as a result of being deprived of the use of this heater. We see no merit in this contention. We cannot assume that plaintiff's consent to have the remodeling work done in her premises was limited. Should we presume that it was, the evidence is clear that plaintiff knew that the heater had been removed and failed to protest until there was a decided change in the weather.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff's suit be dismissed at her costs.

Reversed.

JANVIER, J., absent, takes no part.