Mr. and Mrs. Charles J. Rivarde and their four minor children occupied the premises No. 1525 Marigny Street, in the City of New Orleans, owned by J.F. Hebert, under a verbal monthly lease for a consideration of $15 per month. The Rivardes were people in very humble circumstances and their only income appears to have been from the government in the form of "relief". On November 8th, 1940, Hebert undertook extensive repairs which involved a practical demolition of the premises, including the removal of the toilet which obliged his tenants to resort to such public conveniences as were found in the neighborhood, for about four days and nights. The weather was inclement and the inconvenience and suffering of the family considerable. As a matter of fact, the action of the landlord amounted to a forcible dispossession for which this suit was brought, in which $300 is claimed as damages.
The defense is that the repairs were undertaken with the consent of the tenants.
There was judgment below in favor of plaintiff for $200 and defendant has appealed.
The testimony, which we find in the record, is, as might be expected, conflicting, the landlord and Dave Naquin, the carpenter-contractor, who made the repairs, testifying in the affirmative, and Mr. and Mrs. Rivarde in the negative.
The surrounding circumstances, however, tend to corroborate the Rivardes, as it appears quite unlikely that they would consent to the character of repairs undertaken before obtaining new quarters and the evidence is indisputable that the Rivardes were in the premises when the repairs were being made. Besides the trial judge, on this question of fact, found with the plaintiff and we can see no reason to believe that he was manifestly in error. We conclude that the consent of the tenant was not obtained. *Page 479 
Article 2692 of the Revised Civil Code declares that the lessor must "cause the lessee to be in a peaceable possession of the thing during the continuance of the lease."
Article 2698 of the Revised Civil Code provides that "the lessor has not the right to make any alteration in the thing during the continuance of the lease".
See Pelletier v. Sutter et al., 10 La.App. 662, 121 So. 364.
For the inconvenience and distress caused plaintiff and his family by the unlawful acts of the defendant the sum of $200 awarded by the trial court is not excessive nor is it inadequate. The increase asked for by appellee in his answer to the appeal will, therefore, be denied.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.