SAMUEL, Judge.
Plaintiffs, as lessors, and defendant, as lessee, entered into a written contract of lease of one of several stores in a building in the City of New Orleans to be used as a drugstore. The lease was for a term of 5 years, commencing on the first day of June, 1962, and for a monthly rental, payable in advance, of $135 for the first year and $150 for the balance of the term. With the signing of the lease the lessee paid the last month’s rent of $150 for May, 1967. Defendant occupied the premises until sometime during the month of September, 1963 when he moved his business to a different location in the City of New Orleans, taking with him to the new location the merchandise and other business property with the exception of several items such as display-cases and a heater which remained in the leased premises. Defendant continued to pay the rent, making prompt payment thereof through the months of October and November, 1963.
During the month of October, 1963 one of the plaintiffs visited defendant at his new place of business and obtained the keys for the leased premises for the purpose of showing the property to prospective tenants. Shortly thereafter, during the same month of October, 1963, plaintiffs began to remodel and make alterations in the leased premises in order to convert the drugstore into a physicians’ office for occupancy by two doctors who were then renting other offices in the same building. Plaintiffs had entered into negotiations with these doctors to rent the added premises to them and had discussed with defendant the possibility of the latter moving to one of the other stores in the building so that the doctors could occupy the store space leased to defendant. Subsequently leases were entered into between plaintiffs and the doctors whereby the entire building, which had consisted of five stores, was leased to the latter. The alterations and changes made in the leased premises were extensive. The side walls were broken through so that the stores, formerly separate, would connect, and new flooring, walls, partitioning, lighting and wiring were added for the purpose of converting the former store into x-ray and examining rooms. These alterations and changes were made without the knowledge or consent of the defendant.
In the latter part of October or the very early part of November, 1963, plaintiffs máde demand on the defendant for payment of the alleged cost of the alterations and changes, a sum in excess of $4,000. De *828 fendant consulted his attorney who, on November 8, 1963, wrote plaintiffs demanding return of the keys to the premises and informing them that a continuance of the remodeling and the making of alterations would be considered grounds for cancellation of the lease.
Plaintiffs then instituted this suit which is for $75 per month for the remainder of the lease term ($75 being the alleged difference between the monthly rent plaintiffs claim was to be received from the doctors for that portion of the premises formerly occupied by the defendant and the larger monthly rental called for by defendant’s lease) and for $4,577.02, the alleged cost of remodeling, plus contractual attorney’s fees. Defendant answered denying liability and reconvened for cancellation of the lease, recovery of the final month’s rent deposited upon the signing thereof, and damages for unlawful ejection. The trial court judgment is in favor of the defendant on the original demand, dismissing plaintiffs’ suit, and in favor of the original plaintiffs on the reconventional demand, dismissing that demand. Plaintiffs have appealed therefrom but have abandoned their claim for the cost of remodeling. Defendant has not appealed nor has he answered plaintiffs’ appeal.
Plaintiffs contend that defendant’s rent for the balance of the term became due when he vacated the premises and allegedly deprived them of their lessor’s lien, and that they exercised their right to reenter and rent the premises to the doctors, under the following lease clause:
“Should the premises be vacated or abandoned by Lessee because of ejectment for breach hereof, or otherwise, or should the Lessee begin to remove personal property or goods to the prejudice of the Lessor’s lien, then the rent for the unexpired term, with Attorney’s fees, shall at once become due and exigible, and Lessor, at his option, has the right to cancel the lease, or reenter and let said premises for such price and on such terms as may be immediately obtainable and apply the net amount realized to the payment of the rent.”
Insofar as that portion of the quoted clause which refers to removal by the lessee of property or goods to the prejudice of the lessor’s lien is concerned, we are unable to find that the plaintiffs were in fact in any way prejudiced by the removal of defendant’s business, and most of the business property, to another location in New Orleans. We are satisfied from the entire record that the move was not made surreptitiously or with any intention to prejudice the lien. Defendant continued to pay the rent when due and plaintiffs’ action, approximately within a month after the business had been moved, in obtaining the keys from the defendant for the stated purpose of showing the property to prospective clients without making any objection to the removal of the property appears to-us as a clear indication that plaintiffs had no objection to such removal. This is emphasized by the fact that plaintiffs wanted to rent the space to the doctors and immediately began remodeling for that purpose.
LSA-C.C. Art. 2692 provides, among other things, that without any clause to that effect the lessor is bound from the very nature of the contract “To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease” and LSA-C.C. Art. 2698 reads: “The lessor has not the right to make any alteration in the thing during the continuance of the lease.”
In applying these codal articles our established jurisprudence is that a lessor who, without the consent of his lessee, enters the leased premises to make alterations thus disturbs the latter in his right of occupancy and violates the contract; under these circumstances the lessee has the right to cancel the lease. Jacobs v. Kagan, La. App., 14 So.2d 278; Maggio v. Price, La. App., 1 So.2d 404; Rainey v. Pietri, La. App., 180 So. 459; Pirkle & Williams v. *829 Shreveport Jitney Jungle, 19 La.App. 729, 140 So. 837; Pelletier v. Sutter, 10 La.App. 662, 121 So. 364.
In the instant case we note that the lease does not contain a provision permitting the lessor to enter the premises for the purpose of making alterations or repairs. The sole provision relative to such entry is one which gives the lessor only the right to enter the premises at any time for the purpose of making repairs necessary for the preservation of the property. We are therefore of the opinion that plaintiffs’ action in taking possession of the leased premises, in extensively remodeling and altering those premises so as to effectively prevent reoccupancy by defendant, and in refusing to return possession to him, is in violation of the codal articles and the rule we have set forth above and entitles the defendant to a cancellation of the lease.
The judgment appealed from is affirmed.
Affirmed.