STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-828


SOUTHWEST STEEL OF LOUISIANA, INC.

VERSUS

VINTON HARBOR AND TERMINAL DISTRICT


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2000-5078
HONORABLE WILFORD D. CARTER, DISTRICT COURT JUDGE


\*\*\*\*\*\*\*\*\*\*


ULYSSES GENE THIBODEAUX
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Oswald A. Decuir, and Jimmie C. Peters, Judges.


AFFIRMED.


David John Calogero
Breaud & Lemoine
600 Jefferson St. - Suite 1100
Lafayette, LA 70501
Telephone: (337) 266-2200
COUNSEL FOR:
     Defendant/Appellee - Vinton Harbor & Terminal District

Frank C. Miller III
P. O. Box 4537
Lake Charles, LA 70606-4537
Telephone: (337) 562-1929
COUNSEL FOR:
     Plaintiff/Appellant - Southwest Steel of Louisiana, Inc.

THIBODEAUX, Judge.

In this breach of a lease agreement dispute, the plaintiff-lessee, Southwest Steel of Louisiana, Inc., argues that the defendant-lessor, Vinton Harbor and Terminal District, breached its duty to cause the lessee to be in peaceable possession of the leased property, during the continuance of the lease, under La.Civ.Code. art. 2692. The trial court granted Vinton Harbor and Terminal District's motion for summary judgment, finding that there was no genuine issue of material fact and dismissed the plaintiff's case. We agree and affirm the judgment of the trial court.

I.

**ISSUE**

We must decide whether genuine issues of material fact exist regarding Vinton Harbor and Terminal District's alleged breach of its obligation to provide peaceable possession of the property it leased to Southwest Steel of Louisiana, Inc.

II.

**FACTS**

The plaintiff, Southwest Steel of Louisiana, Inc. (Southwest), and the defendant, Vinton Harbor & Terminal District (Vinton), entered into a contract allowing Southwest to occupy a building owned by Vinton, on very favorable terms, for ten years. When the contract was renewed for another ten years in 1994, the parties understood that Vinton would be expanding the building. This was expressed in the lease agreement. The parties also agreed that the business operations of Southwest would not be negatively impacted, that is, its peaceable possession under the lease would not be disturbed.

1

Southwest was involved in the preparations for the shop expansion. Southwest submitted plans for a proposed expansion to the Vinton Port Board. Southwest also submitted its proposed plans to the engineering firm assisting with the grant application. When renovations on the building started, several aspects of Southwest's operation were disturbed. Electrical power to its steel fabrication machinery was cut off and re-routed to enter the building at a different location removed from Southwest's machinery. Construction was substantially complete on September 22, 1998. On June 18, 1999, Southwest executed a subsequent lease with Vinton reflecting an increased rental for the newly expanded premises. On May 8, 2000, a fire occurred at the Southwest facility resulting in extensive damages to the building owned by Vinton and to equipment, furniture and fixtures owned by Southwest.

Southwest filed suit for breach of contract and for damages resulting from the disturbance of its peaceable possession. Vinton moved for summary judgment. The trial court granted Vinton's motion for summary judgment. It reasoned that there were no genuine issues of material fact because Southwest consented to the construction. The trial court dismissed Southwest's claims. Thereafter, this appeal was filed.

III.

**LAW AND DISCUSSION**

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact in dispute. *Sanders v. Ashland Oil, Inc.*, 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, *writ denied*, 97-1911 (La. 10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together

2

with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966 B. Summary judgment is favored and "is designed to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966 C(2).

The burden of proof on a motion for summary judgment is set forth in La.Code Civ.P. art. 966 C(2):

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Initially, the burden of proof remains with the moving party and is not shifted to the non-moving party until the moving party has properly supported the motion. Only then must the non-moving party "submit evidence showing the existence of specific facts establishing a genuine issue of material fact." *See Scott v. McDaniel,* 96-1509, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1189, 1191-92, *writ denied*, 97-1551 (La. 9/26/97), 701 So.2d 991. Failure by the non-moving party to submit such evidence, negates the existence of material facts at issue, and summary judgment should be granted. La.Code Civ.P. arts. 966 and 967.

In determining whether summary judgment is appropriate in a case on appeal, appellate courts review evidence *de novo* under the same criteria that governed the trial court's determination of whether summary judgment is appropriate. *Succession of Granger v. Worthington*, 02-433 (La.App. 3 Cir. 10/30/02), 829 So.2d 1108. It is the applicable substantive law that determines materiality of a fact; thus,

3

whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Rener v. State Farm Mut. Auto Ins. Co.*, 99-1703, (La.App. 3 Cir. 4/5/00), 759 So.2d 214.

The substantive law applicable to this case is La.Civ.Code art. 2692. Louisiana Civil Code Article 2692 states:

> The lessor is bound from the very nature of the contract, and without any clause to that effect:
>
> 1.      To deliver the thing leased to the lessee.
>
> 2.      To maintain the thing in a condition such as to serve for the use for which it is hired.
>
> 3.      To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease.

The trial court granted Vinton's motion for summary judgment. It reasoned that there were no genuine issues of material fact because Southwest consented to the construction and knew of the construction. Southwest argues that, while it consented to the renovations and was aware of the renovations, the lease agreement specifically guaranteed its peaceable possession of the premises. This argument is without merit. Louisiana Civil Code Article 2692, by law, guarantees the right to peaceable possession. Placing the provision in a contract provides no additional rights to Southwest. Southwest has the right of peaceable possession even without the insertion of this provision in the contract. La.Civ.Code. art. 2692.

Thus, the only issue is whether Southwest consented to the renovations. Generally, alterations by the lessor are prohibited during the lease. La.Civ.Code. art. 2698. However, if a tenant, expressly or tacitly, consented to permit workmen to make alterations during the existence of the lease, the landlord is not responsible for damage suffered as a consequence thereof. *See Cross v. Breland*, 185 So. 542 (La.App.Orl. 1939); *Rainey v. Pietri*, 180 So. 459 (La.App.Orl. 1939).

In this case, there is ample evidence that Southwest, at least, tacitly consented to the alterations. As Southwest's business grew, it asked that Vinton expand its building so that it could generate more revenue. Southwest then located available state economic development grants for Vinton and even assisted in obtaining those funds. Southwest submitted plans for a proposed expansion to the Vinton Port Board. Southwest also submitted its proposed plans to the engineering firm assisting with the grant application.

There is no genuine issue of material fact regarding Southwest's consent. Southwest did not introduce sufficient evidence to show it could bring forward evidence of lack of consent. It relied only on the argument that it was provided further protection by placing a clause guaranteeing peaceable possession in the lease, a protection already afforded by law under La.Civ.Code art. 2692(3). Failure by the non-moving party (Southwest) to submit such evidence, negates the existence of material facts at issue, and summary judgment was properly granted.

IV.

**CONCLUSION**

The judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.

**AFFIRMED.**

5